IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SARAH SOLOMON, on behalf of herself and
all individuals similarly situated,
        Plaintiff,

v.                                                                          Civil Action No. 3:19-cv-255

TRANS UNION, LLC,
        Defendant.

## OPINION

Sarah Solomon alleges that Trans Union, LLC, inaccurately reported her credit history in violation of § 1681e(b) of the Fair Credit Reporting Act ("FCRA"). She seeks to represent a class of consumers whose credit reports from Trans Union inaccurately included debts discharged in bankruptcy. Trans Union has moved to dismiss Solomon's complaint for failure to state a claim, arguing that the complaint improperly relies on a legal conclusion. Although Solomon's complaint contains a legal conclusion, it alleges sufficient factual allegations that plausibly give rise to a claim under § 1681e(b). Accordingly, the Court will deny Trans Union's motion to dismiss.

## I. FACTS ALLEGED IN THE COMPLAINT

In 2013, Solomon filed for Chapter 13 bankruptcy, known as reorganization. She then incurred five additional debts. In 2017, Solomon converted her Chapter 13 proceeding into a Chapter 7 liquidation proceeding. In March, 2018, she received a discharge order from the U.S. Bankruptcy Court for the Eastern District of Virginia. Solomon says that the discharge order included the five debts she incurred after she filed her Chapter 13 bankruptcy petition, but before converting it to a Chapter 7. She asserts that "[i]t is black letter Bankruptcy law that the conversion caused . . . any Bankruptcy discharge [to] include those debts." (Dk. No. 1, at ¶ 18.)

On May 17, 2018, Solomon applied for a car loan. The lenders requested and obtained copies of Solomon's credit report from Trans Union. The report wrongly indicated that the five post-petition, pre-conversion debts remained outstanding and did not indicate that those debts had been discharged in bankruptcy.

Before inaccurately reporting Solomon's debts, Trans Union had the necessary data to ensure the accuracy of its reports. Trans Union used this available data to correctly update the information for some of Solomon's other accounts. Trans Union could have used simple, automated processes to verify the accuracy of the information it reported.

Trans Union has moved to dismiss for failure to state a claim, arguing that Solomon's complaint improperly relies on a legal conclusion and that the FCRA does not impose a duty on a credit reporting agency to determine if a consumer's debt has been discharged in bankruptcy.

## II. DISCUSSION[1]

To survive a motion to dismiss on a claim under § 1681e(b) of the FCRA, Solomon must plead facts showing (1) that her consumer report contained inaccurate information, and (2) that Trans Union did not follow reasonable procedures. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

---

[1] Trans Union has moved to dismiss pursuant to Federal Rule of Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## A. *Inaccurate Information*

First, Solomon must show that Trans Union issued a consumer report that contains "inaccurate information." *Id.* Trans Union argues that Solomon has failed to plausibly plead this element of her claim because her complaint improperly relies on a legal conclusion.

Specifically, Trans Union objects to the following allegation in Solomon's complaint: "[i]t is black letter Bankruptcy law that the conversion caused ... any Bankruptcy discharge [to] include" the debts she incurred after she filed for Chapter 13 bankruptcy but before converting it to a Chapter 7. (Dk. No. 1, at ¶ 18.) Even if the Court disregarded that conclusion, Solomon still alleges that the discharge order from the Bankruptcy Court included the five debts incurred post-petition but pre-conversion—making her Trans Union credit report inaccurate. Solomon's legal conclusion regarding a technical point of bankruptcy law does not defeat the adequacy of her factual allegations.

The court addressed the pleading requirements regarding the "inaccurate information" prong in *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 459-60 (E.D. Va. 2015). In that case, the plaintiff adequately pleaded that the defendant reported "inaccurate information" because the plaintiff pointed to specific inaccuracies in the defendant's report. Similarly, Solomon points to specific inaccuracies in her report—that Trans Union listed her five post-petition, pre-conversion debts as "owing" or "past due" and not as discharged in bankruptcy. A discharged debt or a balance of $0 cannot be "owing" or "past due." *See Harris v. Nissan-Infiniti LT*, No. 2:17-cv-191, 2018 WL 387397, at *3 (D. Nev. Jan. 11, 2018) (holding that "a plaintiff's FCRA claim must allege the defendant failed to indicate that the debt was discharged or reduced to a zero-balance") (internal quotations omitted). Accordingly, Solomon adequately alleges that Trans Union reported "inaccurate information."

## B. *Reasonable Procedures*

Second, Solomon must show that Trans Union failed to follow reasonable procedures to ensure the accuracy of the information in its consumer credit reports. *Dalton*, 257 F.3d at 415. Trans Union argues that "the FCRA does not require credit bureaus to determine the legal validity of debts," so the FCRA does not require Trans Union to determine if a consumer's debt has been discharged in bankruptcy. (Dk. No. 16, at 13.) At this stage of the proceedings, however, the Court need only decide whether Solomon plausibly pleads that Trans Union failed to follow reasonable procedures—not what constitutes a reasonable procedure. Solomon alleges that Trans Union could have found the information "easily, cost effectively, and publicly;" that Trans Union could have caught the inaccuracies in its reporting with simple, automatic processes; and that Trans Union correctly updated several of Solomon's other accounts after her bankruptcy discharge. (Dk. No. 1, at 20, 21, 24.) Accepting those allegations as true, Solomon plausibly pleads the second element of § 1681e(b).

Moreover, "[t]he issue of whether [an] agency failed to follow 'reasonable procedures' will be a jury question[ ] in the overwhelming majority of cases." *Dalton*, 257 F.3d at 416. Courts thus should resolve issues regarding reasonable procedures at summary judgment, rather than on a motion to dismiss. *See. e.g.*, *Hamm v. Equifax Info. Servs. LLC.*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. July 24, 2018). Solomon adequately alleges that Trans Union failed to follow reasonable procedures to ensure the accuracy of its credit reports.

### III. CONCLUSION

Because Solomon states a claim for relief under § 1681e(b) of the FCRA, the Court will deny the motion to dismiss.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 1 October 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge